[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is a two-count complaint against a physicians group and their medical assistant seeking damages for the death of David Sackter resulting from an automobile accident in which he was a passenger in an automobile operated by his wife Esther Sackter. The first count sounding in medical malpractice and the second count sounding in simple negligence both allege that the medical assistant Susan St. Onge prescribed a drug for a skin ailment to Esther Sackter, without approval of a physician and without warning the patient of the side effects of the drug. It is alleged that after Esther Sackter ingested the drug, she fell asleep at the wheel causing the accident that resulted in David Sackter's death.
Defendants move to strike both counts on the basis that defendants had no actionable duty to the plaintiff decedent since he was not their patient.
Plaintiff concedes that there is no authority in Connecticut addressing the legal liability of a health care provider to a third party in circumstances similar to the instant case but relies on decisions in four other states which impose liability on a physician to third parties for failure to warn a patient of the side effects of a drug. Plaintiffs maintains that no Connecticut decision or statute restricts the actionable liability of a health care provider only to his patient. Moreover, plaintiff argues that even if a physician's duty in a malpractice action is limited to his patient, a physicians duty under a claim of simple negligence extends to all persons within the ambit of the forseeable risk of such negligence.
Connecticut law views a medical malpractice action to be a type of negligence action. Martinez v. Hartford Hospital,4 Conn. L. Rptr. 57, 58 (May 13, 1991, Hennessey, J.); see also 2 Wright and Havanich, Connecticut Jury Instructions (2d Ed.) 511a, pp. 698-99. Because of the special nature of the CT Page 3730 practice of medicine, the test of negligence ordinarily used, that of an ordinarily prudent person, has yielded to the standard of care and diligence customarily demonstrated by physicians in the same line of practice. Campbell v. Palmer,20 Conn. App. 544, 548 (1990). In the present case, the plaintiff appears to have attempted to plead two causes of action arising out of the same alleged professional misconduct, but in our view plaintiff's complaint may properly be regarded as alleging a single medical malpractice cause of action.
The general hornbook rule is that there can be no actionable negligence on the part of a physician where there is no physician-patient relationship. Louisell and Williams, Medical Malpractice Matthew Bender (1988) 8.02. In Connecticut, malpractice has been defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied . . . in the community by the average prudent reputable member of the profession with the result of injury, loss or damage to the recipient of those services . . . . (Emphasis added.) Davis v. Margolis, 215 Conn. 408, 415,576 A.2d 489 (1990), citing Barnes v. Schlein, 192 Conn. 732,735, 473 A.2d 1221 (1984).
One Connecticut decision which addresses an issue closely related to the issue raised by the present case is Anonymous v. Hospital, 35 Conn. Sup. 112, 398 A.2d 312 (Super.Ct. 1978). In that case the plaintiff husband brought an action against the defendants, a hospital and a physician, for the defendants' alleged negligence in the performance of a bilateral tubal ligation upon the plaintiff wife, claiming that he had suffered emotional distress as a result of the defendants' negligence. In holding that the plaintiff husband's allegation was legally insufficient, the court stated:
 The surgical procedure herein was personal to the wife. The alleged negligence of the defendants was a breach of the duty owed solely and exclusively to her, and not to her husband. Accordingly, the plaintiff husband is not entitled to recover damages for his claimed emotional stress and depression under the present circumstances.
Id., 114. CT Page 3731
Moreover, we note that Section 52-190a, Connecticut General Statutes, which requires, prior to the bringing of a medical malpractice action, a reasonable inquiry to determine that there are grounds for a good faith belief that there has been "negligence in the care or treatment of the claimant" (emphasis supplied) seems to lend support to the limitation of a malpractice claim against a health care provider to a patient.
In the present case, the plaintiff alleges that defendants rendered medical services to Esther Sackter, not David Sackter, the plaintiff's decedent. We hold that only the patient or recipient of medical services would have a legally sufficient malpractice cause of action. Since it is clear that the plaintiff's decedent received no medical services from the defendants, plaintiff's complaint is legally insufficient and the motion to strike is granted.
Motion to Strike Granted.
Wagner, J.